**NFS HOLDINGS, INC., and Executive Wings, Inc., Plaintiffs–Appellees/Cross–Appellants,**

v.

**Ivan TENNYSON, Defendant–Appellant/Cross–Appellee,**

v.

**National Flight Services, Inc., Plaintiff.**

Nos. 02–4076, 02–4210.

United States Court of Appeals, Sixth Circuit.

May 19, 2004.

James M. Wiles, Michael L. Close, Mark C. Melko, Wiles, Boyle, Burkholder & Brindardner, Columbus, OH, Sarah A.

McHugh, Maloney & McHugh, Toledo, OH, for Plaintiffs–Appellees/Cross–Appellants.

Rodger L. Eckelberry, Baker & Hostetler, Columbus, OH, John W. Foster, Sr., Robert W. Thielhelm, Jr., Jerry R. Linscott, Baker & Hostetler, Orlando, FL, for Defendant–Appellant/Cross–Appellee.

Before: BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.[*]

PER CURIAM.

Defendant-appellant/cross-appellee Ivan Tennyson sold his shares in plaintiff-appellee/cross-appellant Executive Wings, Inc., to plaintiff-appellee/cross-appellant NFS Holdings, Inc.("NFS"), in 1998. Plaintiffs subsequently filed suit against Tennyson alleging in part that he made misrepresentations in the course of dealing with NFS that constituted fraud, fraud in the inducement, and negligent misrepresentation under Florida law.[1] Plaintiffs also alleged that these misrepresentations constituted securities fraud in violation of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and that certain financial figures in the SPA were not final because of Tennyson's failure to produce relevant financial documents in accordance with that agreement. After a lengthy bench trial, the district court found Tennyson liable only for negligent misrepresentation. The court also determined that the financial figures in the SPA were final. Upon motion by Tennyson, the district court amended its judgment with respect to the amount of damages awarded to plaintiffs, but it did not alter any of its determinations regarding Tennyson's liability. Tennyson appeals the district court's conclusion that he committed negligent misrepresentation, while plaintiffs cross-appeal the district court's conclusion that Tennyson is not otherwise liable for fraud, fraud in the inducement, or securities fraud, and that the financial figures in the SPA were final.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in finding Tennyson liable for negligent misrepresentation or in finding that the financial figures in the SPA were final. Nor are we persuaded that the district court erred in failing to find Tennyson otherwise liable for fraud, fraud in the inducement, or securities fraud. Because the reasons for these determinations have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court on the basis of the reasoning set out by that court in its judgment and accompanying findings of fact and conclusions of law entered on June 13, 2002, as amended by its August 16, 2002, judgment and memorandum opinion.

---

[*] The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

1. The Stock Purchase Agreement ("SPA") entered into by the parties specified that Florida law would govern all legal claims arising out of the sale of stock.